UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA HORNBEAK,<br><br>           Plaintiff,<br><br>     v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>           Defendant. | No.  2:18-cv-0142 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge failed to consider plaintiff's mental impairment and combination of impairments, while also improperly rejecting medical opinion evidence, and plaintiff's subjective testimony.

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019.  See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019).  Accordingly, Andrew Saul is substituted in as the defendant in this action.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 6 & 9.)

1    For the reasons explained below, plaintiff's motion is granted in part, the decision of the

2    Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for

3    further proceedings consistent with this order.

4                                **PROCEDURAL BACKGROUND**

5        In December of 2015, plaintiff filed applications for Disability Insurance Benefits ("DIB")

6    under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

7    ("SSI") under Title XVI of the Act alleging disability beginning on April 10, 2015. (Transcript

8    ("Tr.") at 10, 213-24.) Plaintiff's alleged impairments included herniated discs, spinal stenosis,

9    and "[d]eteriorating bones in back." (Id. at 257.) Plaintiff's applications were denied initially,

10   (id. at 120-24, 126-30), and upon reconsideration. (Id. at 132-36, 138-42.)

11       Plaintiff requested an administrative hearing and a hearing was held before an

12   Administrative Law Judge ("ALJ") on September 22, 2017. (Id. at 26-56.) Plaintiff was

13   represented by an attorney and testified at the administrative hearing. (Id. at 26-27.) In a

14   decision issued on October 16, 2017, the ALJ found that plaintiff was not disabled. (Id. at 20.)

15   The ALJ entered the following findings:

16           1. The claimant meets the insured status requirements of the Social
             Security Act through December 31, 2016.
17

18           2. The claimant has not engaged in substantial gainful activity
             since April 10, 2015, the alleged onset date (20 CFR 404.1571 *et
             seq*., and 416.971 *et seq*.).
19

20           3. The claimant has the following severe impairments:
             degenerative disc disease of the lumbar spine (with a history of
             laminectomy 1/2016) and an L4/5 fusion scheduled for 10/2017
21           (Ex. 17F.) (20 CFR 404.1520(c) and 416.920(c)).

22           4. The claimant does not have an impairment or combination of
             impairments that meets or medically equals the severity of one of
23           the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1
             (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925
24           and 416.926).

25           5. After careful consideration of the entire record, the undersigned
             finds that the claimant has the residual functional capacity to
26           perform sedentary work as defined in 20 CFR 404.1567(a) and
             416.967(a) with the following additional limitations: she is able to
27           lift and carry ten pounds frequently and twenty-pounds
             occasionally; she is able to sit for at least six hours of an eight hour
28           workday; she is able to stand and/or walk for at least 2 hours of an

eight hour workday; she is limited to occasional climbing of ramps and stairs; she is limited precluded (sic) from climbing of ladders, ropes, and scaffolds; she is limited to occasional balancing, stooping, kneeling, couching, and crawling; she requires the ability to briefly change positions from sitting to standing, and vice versa, every thirty minutes, but she is able to remain at the work station while doing so.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1973 and was 42 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a), and 416.968(d)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 10, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 12-19.)

On November 29, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's October 16, 2017 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 22, 2018. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

////

3

1  "[A] reviewing court must consider the entire record as a whole and may not affirm

2  simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin.,

3  466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

4  1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

5  reversing the Commissioner's decision, we must affirm." McCartey v. Massanari,  298 F.3d

6  1072, 1075 (9th Cir. 2002).

7       A five-step evaluation process is used to determine whether a claimant is disabled. 20

8  C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

9  process has been summarized as follows:

10           Step one:  Is the claimant engaging in substantial gainful activity?  If
             so, the claimant is found not disabled.  If not, proceed to step two.
11
             Step two:  Does the claimant have a "severe" impairment?  If so,
12           proceed to step three.  If not, then a finding of not disabled is
             appropriate.
13
             Step three:  Does the claimant's impairment or combination of
14           impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,
             Subpt. P, App. 1?  If so, the claimant is automatically determined
15           disabled.  If not, proceed to step four.

16           Step four:  Is the claimant capable of performing his past work?  If
             so, the claimant is not disabled. If not, proceed to step five.
17
             Step five:  Does the claimant have the residual functional capacity to
18           perform any other work?  If so, the claimant is not disabled.  If not,
             the claimant is disabled.
19

20  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

21       The claimant bears the burden of proof in the first four steps of the sequential evaluation

22  process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

23  if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

24  1098 (9th Cir. 1999).

25                                    **APPLICATION**

26       Plaintiff's pending motion argues that the ALJ committed the following four principal

27  errors: (1) the ALJ's treatment of the medical opinion evidence constituted error; (2) the ALJ

28  erroneously rejected plaintiff's subjective testimony; (3) the ALJ failed to consider all of

4

plaintiff's impairments; and (4) the ALJ's erred at step five of the sequential evaluation.[3] (Pl.'s MSJ (ECF No. 15) at 12-20.[4])

## I.     Medical Opinion Evidence

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion offered by plaintiff's treating physician, Dr. Elvis Tanson. (Pl.'s MSJ (ECF No. 15) at 14-17.) On June 6, 2016, Dr. Tanson

---

[3] The court has reordered, and reorganized, plaintiff's claims for purposes of clarity and efficiency.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

completed a Physical Residual Functional Capacity Questionnaire. (Tr. at 502-06.) The ALJ

acknowledged Dr. Tanson's opinion, stating:

> In June 2016, treating physician Dr. Tanson completed a medical source statement, opining the claimant is restricted to significantly less than even sedentary exertional activities. However, the undersigned gives this opinion little weight because it is not consistent with the medical evidence of record discussed above and is over a year old. In addition, it lacks analysis or explanation and fails to cite to any medical evidence of record in support of it.

(Id. at 15.)

This is the ALJ's entire discussion of Dr. Tanson's opinion. Although the ALJ's decision

generally contains an overview of plaintiff's medical history and treatment, the ALJ provided no

citations in support of the decision to afford Dr. Tanson's opinion little weight. In this regard, it

can be said that the ALJ's decision to afford Dr. Tanson's opinion little weight lacks analysis or

explanation, and fails to cite to any medical evidence of record in support of it.

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d

1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary

support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599,

602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do

not suffice).

And when an ALJ elects to afford the opinion of a treating physician less than controlling

weight, the opinion must be "weighted according to factors such as the length of the treatment

relationship and the frequency of examination, the nature and extent of the treatment relationship,

supportability, consistency with the record, and specialization of the physician." Trevizo v.

Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)-(6)). The ALJ's

failure to discuss these factors "alone constitutes reversible legal error." (Id. at 676.)

////

1    Accordingly, for the reasons stated above, the court finds that the ALJ failed to offer a

2    specific and legitimate, let alone clear and convincing, reason for rejecting Dr. Tanson's opinion.

3    Plaintiff is, therefore, entitled to summary judgment on the claim that the ALJ's treatment of the

4    medical opinion evidence constituted error.

5    **II.    Plaintiff's Subjective Testimony**

6    Plaintiff argues that the ALJ's treatment of plaintiff's subjective testimony constituted

7    error.  (Pl.'s MSJ (ECF No. 15) at 17-18, 19-20.)  The Ninth Circuit has summarized the ALJ's

8    task with respect to assessing a claimant's credibility as follows:

9
       > To determine whether a claimant's testimony regarding subjective
10     > pain or symptoms is credible, an ALJ must engage in a two-step
       > analysis.  First, the ALJ must determine whether the claimant has
11     > presented objective medical evidence of an underlying impairment
       > which could reasonably be expected to produce the pain or other
12     > symptoms alleged.  The claimant, however, need not show that her
       > impairment could reasonably be expected to cause the severity of the
13     > symptom she has alleged; she need only show that it could
       > reasonably have caused some degree of the symptom.  Thus, the ALJ
14     > may not reject subjective symptom testimony . . . simply because
       > there is no showing that the impairment can reasonably produce the
15     > degree of symptom alleged.

16     > Second, if the claimant meets this first test, and there is no evidence
       > of malingering, the ALJ can reject the claimant's testimony about the
17     > severity of her symptoms only by offering specific, clear and
       > convincing reasons for doing so[.]

18   Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

19   omitted).  "The clear and convincing standard is the most demanding required in Social Security

20   cases."  Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002).  "At

21   the same time, the ALJ is not required to believe every allegation of disabling pain, or else

22   disability benefits would be available for the asking[.]"  Molina v. Astrue, 674 F.3d 1104, 1112

23   (9th Cir. 2012).

24   "The ALJ must specifically identify what testimony is credible and what testimony

25   undermines the claimant's complaints."[5]  Valentine v. Commissioner Social Sec. Admin., 574

26   _____

27   [5]  In March 2016, Social Security Ruling ("SSR") 16-3p went into effect.  "This ruling makes
     clear what our precedent already required: that assessments of an individual's testimony by an
28   ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that
     the individual has a medically determinable impairment(s) that could reasonably be expected to

7

1   F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595,

2   599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other

3   things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's]

4   testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work

5   record, and testimony from physicians and third parties concerning the nature, severity, and effect

6   of the symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59

7   (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792

8   (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the

9   record, the court "may not engage in second-guessing."  Id.

10         Here, the ALJ found that plaintiff's medically determinable impairments could reasonably

11  be expected to cause the symptoms alleged, but that plaintiff's statements concerning the

12  intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with

13  the medical evidence and other evidence in the record for the reason explained in [the] decision."

14  (Tr. at 17.)  The ALJ offered two reasons in support of this determination.

15         One of those reasons was the ALJ's determination that "the persuasiveness of the

16  claimant's allegations regarding the severity of symptoms and limitations [was] diminished

17  because those allegations [were] greater than expected in light of the objective evidence of

18  record."  (Id.)  However, "after a claimant produces objective medical evidence of an underlying

19  impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of

20  medical evidence to fully corroborate the alleged severity" of the symptoms.  Burch v. Barnhart,

21  400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir.

22  2010) ("Putz need not present objective medical evidence to demonstrate the severity of her

23  fatigue."); Lingenfelter, 504 F.3d at 1036 ("the ALJ may not reject subjective symptom testimony

24  . . . simply because there is no showing that the impairment can reasonably produce the degree of

25  symptom alleged."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator

26  could reject a claim for disability simply because a claimant fails to produce medical evidence

27

28  produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character
    and apparent truthfulness."  Trevizo, 871 F.3d at 679 (quoting SSR 16-3p) (alterations omitted).

8

1  supporting the severity of the pain, there would be no reason for an adjudicator to consider

2  anything other than medical findings.").

3      The other reason offered by the ALJ in support of the decision to reject plaintiff's

4  testimony was the ALJ's finding that plaintiff's

5          . . . persuasiveness is reduced by the fact that despite impairment, the
          claimant has engaged in a somewhat normal level of daily activity.
6          During the hearing, the claimant reported having a driver's license
          and that she drives. She drives her daughter to school, picks her up,
7          and drove to [the] hearing. She also reported that she does laundry,
          grocery shopping, and cooking. Although the claimant's activities
8          of daily living were somewhat limited, some of the physical abilities
          required in order to perform these activities are the same as those
9          necessary for obtaining and maintaining employment and are
          inconsistent with the presence of an incapacitating or debilitating
10         condition.

11  (Tr. at 17.)

12      However,

13         [t]he critical differences between activities of daily living and
          activities in a full-time job are that a person has more flexibility in
14         scheduling the former than the latter, can get help from other persons
          ... and is not held to a minimum standard of performance, as she
15         would be by an employer. The failure to recognize these differences
          is a recurrent, and deplorable, feature of opinions by administrative
16         law judges in social security disability cases.

17  Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012). In this regard, the Ninth Circuit "has

18  repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as

19  grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from

20  her credibility as to her overall disability. One does not need to be utterly incapacitated in order

21  to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001); see also Garrison v.

22  Colvin, 759 F.3d 995, 1016 (9th Cir. 2014) (citation omitted) ("[I]mpairments that would

23  unquestionably preclude work and all the pressures of a workplace environment will often be

24  consistent with doing more than merely resting in bed all day.").

25      Accordingly, the court finds that the ALJ failed to offer a clear and convincing reason for

26  rejecting plaintiff's testimony. Plaintiff, therefore, is also entitled to summary judgment on the

27  claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

28  ////

9

**III. Failure to Consider Mental Impairments**

Plaintiff next argues that the ALJ failed to consider plaintiff's mental impairments and, as a result, the combined impact of plaintiff's mental and physical impairments. (Pl.'s MSJ (ECF No. 15) at 12-14.) Plaintiff's disability applications, however, did not allege any mental impairment. (Tr. at 257.) Although there is some medical evidence that plaintiff had received mental health treatment, at the September 22, 2017 hearing the ALJ asked plaintiff's attorney if there were "mental allegations?" (Tr. at 45, 485.) Plaintiff's attorney answered "No, your Honor." (Id.) When plaintiff was asked "what caused you to stop working," plaintiff answered, "I can no longer tolerate the pain, and the pain medication wasn't working[.]" (Id. at 39.)

"An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). Accordingly, the court finds that plaintiff is not entitled to summary judgment on this claim.

**IV. Step Five Error**

Plaintiff argues that the ALJ erred at step five of the sequential evaluations by identifying jobs that require the ability "to perform the full range of sedentary work," despite the fact that plaintiff's residual functional capacity does "not allow" plaintiff to perform the full range of sedentary work. (Pl.'s MSJ (ECF No. 15) at 19.)

At step five of the sequential evaluation, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)) (alterations omitted). The ALJ can meet her burden by either taking the testimony of a Vocational Expert ("VE") or by referring to the grids. See Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006).

Here, the ALJ relied on the testimony of a VE. (Tr. at 52-56.) And the VE testified that a person with plaintiff's residual functional capacity ("RFC") could perform the jobs relied on by the ALJ. (Id. at 54.) "A VE's recognized expertise provides the necessary foundation for his or

her testimony." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

Plaintiff argues that the jobs identified required plaintiff to "sit for over two hours," which plaintiff cannot do. (Pl.'s MSJ (ECF No. 15) at 19.) That limitation, however, was not part of plaintiff's RFC. Moreover, plaintiff's RFC allowed for "the ability to briefly change positions from sitting to standing, and vice versa, every thirty minutes[.]" (Tr. at 13.) According to the VE, a person with this limitation could perform the jobs identified by the ALJ.[6] (Id. at 53-54.)

Accordingly, plaintiff is also not entitled to summary judgment on the claim that the ALJ erred at step five of the sequential evaluation.

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not

_____

[6] Plaintiff's reply brief appears to recharacterize, or clarify, that plaintiff is arguing that by improperly rejecting Dr. Tanson's opinion, the ALJ's hypothetical question to the VE failed to account for all of plaintiff's limitations. (Pl.'s Reply (ECF No. 23) at 6.) To the extent this is plaintiff argument, it is true that on remand the ALJ will have to properly weigh Dr. Tanson's opinion and account for all of plaintiff's limitations. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) ("If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.").

remand with a direction to provide benefits."); <u>Treichler v. Commissioner of Social Sec. Admin.</u>, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the ALJ's errors are largely the result of the vague and conclusory treatment of evidence. As such, the court cannot say that further administrative proceedings would serve no useful purpose. This case, therefore, will be remanded for further administrative proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 22) is granted in part and denied in part;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: August 23, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\hornbeak0142.ord

12