UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA HORNBEAK, | No. 2:18-cv-0142 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brought this action seeking judicial review of a final administrative decision denying applications for Disability Insurance Benefits under Title II of the Social Security Act and for Supplement Security Income under Title XVI of the Act. On August 23, 2019, the court issued an order granting plaintiff's motion for summary judgment in part and remanded the matter for further proceedings.[1] (ECF No. 24.) Further administrative proceedings resulted in a favorable decision for plaintiff. (ECF No. 29 at 2.)

On October 6, 2020, counsel for plaintiff filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 29.) On February 16, 2021, the court issued an order requiring plaintiff to file an amended motion. (ECF No. 33.) Plaintiff filed an amended motion

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 6 & 9.)

1

on February 16, 2021. (ECF No. 34.) Plaintiff's amended motion explains that at the outset of the representation, plaintiff and plaintiff's counsel entered into a contingent-fee agreement. (Id. at 17-18.) Pursuant to that agreement plaintiff's counsel now seeks attorney's fees in the amount of $12,500, which represents 25% of the retroactive disability benefits received by plaintiff and plaintiff's child on remand. (Id. at 1-4.) Defendant did not object to plaintiff's motion but instead offered "analysis of the fee request[.]" (ECF No. 35 at 4.)

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). Although an attorney fee award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has standing to challenge the award. Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324, 328 (4th Cir. 1989), abrogated on other grounds in Gisbrecht, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to attorneys for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable. Gisbrecht, 535 U.S. at 808-09 ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is

reasonable for the services rendered." Id. at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808).

The Supreme Court has identified five factors that may be considered in determining whether a fee award under a contingent-fee arrangement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for noncontingent cases. Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808). Below, the court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Here, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel. Rather, plaintiff's counsel is an experienced attorney who secured a successful result for plaintiff. There is also no evidence that plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. However, 25% of plaintiff's past due benefits amounts to only $9,985.75. (Pl.'s Am. Mot. (ECF No. 34) at 8.)

The court finds that $9,985.75 based on 65.7 hours of attorney time is not excessive in relation to the benefits awarded. (Id. at 22-23.) In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on such terms. See Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003). Counsel has also submitted a detailed billing statement in support of the motion. (Pl.'s Am. Mot. (ECF No. 34) at 22-23.)

The remainder of the award sought by plaintiff is based on money withheld from the award of "child's benefits" to paid to plaintiff's child. (Id. at 14.) From that award, $4,373.75 was withheld "to pay an appointed representative." (Id.) This action, however, solely concerned plaintiff's application for benefits. (ECF No. 24 at 1-2.) Plaintiff has presented no evidence that

plaintiff's counsel was appointed to represent plaintiff's child or expended any hours representing plaintiff's child. See generally Fed. R. Civ. P 17(c)(2) ("The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action."). In the fee agreement between plaintiff and plaintiff's counsel, plaintiff agreed that plaintiff's counsel was entitled to 25% of any benefits awarded to plaintiff and to plaintiff's "family[.]" (Id. at 17.) Plaintiff's child, however, was not a party to that agreement nor was a representative for plaintiff's child. (Id. at 18.)

Accordingly, for the reasons stated above, the court concludes that attorney's fees in the amount of $9,985.75 pursuant to § 406(b) are reasonable. See generally Webb v. Commissioner of Social Security, Case No. 1:17-1054 EPG, 2020 WL 4896518, at *4 (E.D. Cal. Aug. 20, 2020) ("The Court recognizes that the children also recovered past due benefits but finds that basing attorney's fees only on past due benefits awarded to Plaintiff is reasonable. Moreover, the Court notes that Plaintiff's briefing before this Court did not address the children's entitlement to benefits."); Shackles v. Barnhart, No. Civ. A. 04-Cv-0822, 2006 WL 680960, at *2 (E.D. Pa. Mar. 15, 2006) (awarding attorney's fees based on child's award "constitutes a windfall to counsel because no additional work was required or risk taken to obtain this portion of the award.").

An award of § 406(b) fees is, however, normally offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. Here, plaintiff's counsel was previously awarded $6,500 in EAJA fees and the award under § 406(b) must be offset by that amount. (ECF No. 28.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 16, 2021 amended motion for attorney fees under 42 U.S.C. § 406(b), (ECF No. 34), is granted;

2. Counsel for plaintiff is awarded $9,985.75 in attorney fees under § 406(b). The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder any withheld benefits; and

////

3. Upon receipt of the $9,985.75 in attorney fees pursuant to § 406(b), counsel shall reimburse plaintiff in the amount of $6,500 previously paid by the government under the EAJA.

Dated:  April 11, 2021

*[signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\hornbeak0142.406(b).ord